FILED
FEBRUARY 1, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY STINNETT, | ) | |
| | ) | Case No.: |
| Plaintiff, | ) | |
| | ) | **08 C 709** |
| v. | ) | COMPLAINT FOR VIOLATION |
| | ) | OF CIVIL RIGHTS |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |

**JUDGE ST. EVE
MAGISTRATE JUDGE COX**

## JURISDICTION AND VENUE

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended. This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3. Plaintiff, Gregory Stinnett, has fully complied with the procedural requirements of Title VII. He filed a charge of discrimination with the EEOC, received a Notice of Right to Sue from the U.S. Department of Justice, and brought this lawsuit within ninety days of receiving the Notice of Right to Sue.

## PARTIES

4. Plaintiff, Gregory Stinnett (hereinafter "Stinnett" or "Plaintiff"), is a resident of Cook County, Illinois. At all material times hereto Stinnett has been an employee within the meaning of 42 U.S.C. § 2000e(f) and has been employed by Defendant.

5. At all times herein mentioned, Defendant, the City of Chicago (hereinafter "Defendant"), was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Fire Department. The City of Chicago is a corporation licensed in the State of Illinois. At all material times hereto, Defendant has been an employer within the meaning of 42 U.S.C. §2000e(b) and employed Plaintiff.

## FACTS

6. Plaintiff is African American.

7. Plaintiff began his employment with Defendant on or about February 16, 1983.

8. At all relevant times, Plaintiff was an ambulance commander.

9. At all relevant times, Plaintiff met the legitimate employment expectations of Defendant.

10. In or about 2000, Defendant administered an EMS Field Officer Promotional Examination (hereinafter "examination").

11. Defendant thereafter created a promotion list for the field officer position based on the results of the examination.

12. The promotion list ranked employees from the highest score to the lowest score on the examination.

13. Plaintiff ranked number 32, with a score of 89.50 on the examination.

14. Seven other employees also scored 89.50 on the examination.

16. The employees who scored the same were ranked in the order of seniority.

17. From in or about 2000 through and including February 16, 2007, Defendant promoted employees in the order listed on the promotion list.

18. With the exception of one African-American employee, all of the employees promoted to the field officer position from in or about 2000 through the present were Caucasian.

19. The sole African-American employee promoted to the field officer position was promoted by Fire Commissioner James Joyce (hereinafter "Joyce") in or about 2001.

20. As of 2004, Joyce no longer made the promotion decisions for the field officer position.

21. As of 2006, Fire Commissioner Orozco (hereinafter "Orozco") made the promotion decisions for the field officer position.

22. Orozco is Caucasian.

23. On or about February 16, 2007, Defendant promoted the next two eligible employees on the promotion list to the field officer position: Kevin Byrne (hereinafter "Byrne") and John Kaveney (hereinafter "Kaveney").

24. Byrne and Kaveney are Caucasian.

25. Plaintiff was next in rank on the promotion list after Byrne and Kaveney.

26. Thus, after Byrne and Kaveney were promoted, Plaintiff was the next employee to be promoted to the position of field officer.

27. Plaintiff scored the same as Byrne and Kaveney on the examination.

28. After Byrne and Kaveney were promoted, on or about February 16, 2007, there were at least two additional field officer positions open for promotion.

29. However, after Byrne and Kaveney were promoted, on or about February 16, 2007, Defendant decided to discard the promotion list and to administer a new examination.

30. There was no union provision that mandated a new examination or that required Defendant to discard the promotion list.

31. In fact, per the Union contract, the promotion list created in or about 2000 was valid until June of 2008.

32. Defendant decided to discard the 2000 promotion list because Defendant did not want to promote Plaintiff to the field officer position.

33. Defendant did not want to promote Plaintiff to the field officer position because of Plaintiff's race.

34. Immediately prior to Defendant discarding the 2000 promotion list, Defendant promoted two similarly situated Caucasian employees: Byrne and Kaveney.

35. A new examination was administered on or about March 23, 2007.

36. To date, no promotion list has been created.

37. From the time of Byrne and Kaveney's promotion through and including the present, no employee has been promoted to the field officer position.

38. At present, there are at least 12 field officer positions open.

39. Employees presently working the field officer positions are frequently required to work overtime, as there are not currently enough field officers to work all shifts.

40. Plaintiff was issued a Notice of Right to Sue on November 20, 2007, which was received by Plaintiff shortly thereafter.

41. Plaintiff's complaint is brought within 90 days of receipt of the Notice of Right to Sue.

42. Plaintiff has met all procedural prerequisites to this action.

## COUNT I

## RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII

43. Plaintiff realleges and hereby incorporates paragraphs one (1) through forty-two (42) as though fully set forth at this place.

44. At all relevant times, Plaintiff has met all of Defendant's legitimate employment expectations.

45. Plaintiff is qualified and eligible to receive a promotion to the field officer position.

46. There are field officer positions open for promotion.

47. Plaintiff has not received a promotion to the field officer position.

48. Similarly situated Caucasian employees have received a promotion to the field officer position.

49. By not promoting Plaintiff to the field officer position, Defendant has discriminated against Plaintiff because of his race.

50. By discarding the promotion list and administering a new examination, Defendant has discriminated against Plaintiff because of his race.

51. Defendant's discrimination against Plaintiff is intentional.

52. Defendant's intentional, discriminatory conduct is in violation of Title VII.

53. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Gregory Stinnett, requests, the following relief:

A.  That Plaintiff be granted special damages, including, but not limited to back pay and front pay in an amount to be determined at trial;

B.  That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

C.  That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

D.  That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

E.  That the Court grant such other and further relief as the Court may deem just or equitable.

                        By:    s/Meghan A. Gonnissen
                                 Meghan A. Gonnissen
                                 ED FOX & ASSOCIATES
                                 300 West Adams, Suite 330
                                 Chicago, IL 60606
                                 (312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

By: s/Meghan A. Gonnissen
Meghan A. Gonnissen
ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877