IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY STINNETT, | ) | |
| | ) | No. 08 C 709 |
| Plaintiff, | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| THE CITY OF CHICAGO, | ) | Magistrate Judge Cox |
| | ) | |
| Defendant. | ) | |

**PARTIES' JOINT STATUS REPORT**

Plaintiff, Gregrory Stinnett, through his attorneys at the law firm of Ed Fox and Associates, and defendant City of Chicago ("City"), through its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, submit their Joint Status Report.

1. **The Nature of the Case**

    A.  Identify the attorneys of record for each party, including the lead trial attorney.
        Plaintiff's Attorneys
            Edward M. Fox – lead counsel
            Meghan A. Gonnissen

        Defendant's Attorneys
            Joseph F. Graham – lead counsel
            Peter Ahmadian
            Kathleen Crowe

    B.  State the basis for federal jurisdiction.
        28 U.S.C. §§ 1331 and 1343

    C.  Describe the nature of the claims asserted in the complaint and any counterclaims.
        Plaintiff alleges that he was discriminated against on the basis of his race, in violation of Title VII, when he was not promoted by the City. There are no counterclaims.

    D.  State the major legal and factual issues in the case.
        (1) Whether plaintiff was meeting the City's legitimate performance

        expectations; (2) whether plaintiff suffered an adverse employment action; (3) whether similarly situated employees were treated more favorably than plaintiff; (4) whether the City's reasons for not promoting plaintiff are pretexual; (5) the nature and extent of damages that plaintiff is able to recover in the instant lawsuit; (6) whether plaintiff complied with all procedural prerequisites prior to filing his lawsuit; and (7) the factual and legal basis for any defenses raised by the City.

    E.    Describe the relief sought by the plaintiff(s).
Plaintiff seeks "special damages," back pay, front pay, "general damages," compensatory damages, punitive or liquidated damages, a promotion, pre-judgment interest, attorney's fees, and costs.

2. **Pending Motions and Case Plan**

    A.    Identify All Pending Motions
There are no motions pending at this time.

    B.    Submit a proposal for a discovery plan, including the following information:

        A.    The type of discovery needed;
Interrogatories, requests for production, requests to admit and depositions.

        B.    A date for Rule 26(a)(1) disclosures;
March 28, 2008

        C.    A fact discovery completion date;
September 19, 2008

        D.    An expert discovery completion date, including dates for the delivery of expert reports;
Plaintiff shall disclose all experts and provide all other disclosures required by Fed. R. Civ. P. 26(a)(2) by September 19, 2008.

The City shall disclose its experts by:
The City shall disclose all experts and provide all other disclosures required by Fed. R. Civ. P. 26(a)(2) by October 31, 2008.

Expert discovery shall be completed by November 28, 2008.

  E.  A date for the filing of dispositive motions.
Plaintiff's counsel expects to be out of the country for approximately 18 days in December 2008. Because of this, the parties request that dispositive motions shall be due by January 20, 2009.

  F.  A date for the filing of a final pretrial order.
A final pretrial order shall be due 30 days after the Court's ruling on dispositive motions.

C. With respect to trial, indicate the following:

  A.  Whether a jury trial is requested;
The parties request a jury trial.

  B.  The probable length of trial; and
Plaintiff expects the trial to last 5 to 7 days.
The City expects the trial to last 3 to 5 days.

  C.  When the case will be ready for trial.
After the Court has ruled on dispositive motions and the pretrial order has been filed.

3. **Consent to Proceed Before a Magistrate Judge**

- Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.
The parties do not unanimously consent to proceed before the Magistrate Judge.

4. **Status of Settlement Discussions**

  A.  Indicate whether any settlement discussions have occurred.
No settlement discussions have occurred to date.

  B.  Describe the status of any settlement discussions.
No settlement discussions have occurred to date.

  C.  Whether the parties request a settlement conference.
The parties do not request a settlement conference at the present time.

Respectfully submitted,

By:	*s/ Meghan A. Gonnissen*
MEGHAN A. GONNISSEN
*Attorney for Plaintiff Gregory Stinnett*
Meghan A. Gonnissen
300 W. Adams St., Suite 330
Chicago, IL 60606
312-345-8877

*s/ Joseph F. Graham*
JOSEPH F. GRAHAM
*Attorney for Defendant City of Chicago*
30 N. LaSalle St., Suite 1020
Chicago, IL 60602
312-744-5126

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served via the electronic filing system a true and correct copy of the above and foregoing **Parties' Joint Status Report** on this 7th day of March, 2008 to the counsel identified on the Notice of Filing.

s/ Joseph F. Graham
JOSEPH F. GRAHAM
Assistant Corporation Counsel

30 N. LaSalle, Suite 1020
Chicago, Illinois 60602
312/744-5126