IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY STINNETT, | ) | |
| | ) | No. 08 C 709 |
| Plaintiff, | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| THE CITY OF CHICAGO, | ) | Magistrate Judge Cox |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION TO STRIKE PLAINTIFF'S
REQUEST FOR PUNITIVE AND/OR LIQUIDATED DAMAGES**

Defendant City of Chicago ("the City"), by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, moves to strike plaintiff Gregory Stinnett's ("Stinnett") request for punitive and/or liquidated damages pursuant to Fed. R. Civ. Pro. 12(b)(6). In support of this motion, the City states as follows:

### I.   INTRODUCTION

1. Stinnett is currently employed as an ambulance commander for the Chicago Fire Department ("CFD"). (Complaint ("Cmplt.") at ¶¶ 5, 8; a copy of Stinnett's complaint is attached as Exhibit A). Stinnett brings a one-count complaint against the City pursuant to Title VII of the Civil Rights Act of 1964. In his complaint, Stinnett alleges that the City discriminated against him by not promoting him to the position of field officer because of his race (African-American). (Cmplt. at ¶¶ 6, 8, 33, 49).

2. Among other relief, Stinnett seeks back pay and front pay; general and compensatory damages; attorneys' fees, costs, litigation expenses and pre-judgment interest; and punitive and/or liquidated damages. (Cmplt., Prayer for Relief, ¶¶ A-E). The City moves to strike Stinnett's request for punitive and/or liquidated damages.

## II.     ARGUMENT

### A.     *Title VII Bars Recovery of Punitive Damages From a Municipal Corporation*

3.     The Court should strike Stinnett's request for punitive damages because Title VII bars recovery of punitive damages from a municipal corporation such as the City.  As codified at 42 U.S.C. § 1981a(b)(1), Title VII provides that a complainant may recover punitive damages "against a respondent (other than a government, government agency or political subdivision) . . . ."  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267 (1981) (discussing rationale for barring recovery of punitive damages against governmental entities).

4.     It is long settled that municipal corporations such as the City qualify as "political subdivision" of local government and are, therefore, immune to punitive damages under Title VII.  See Baker v. Runyon, 114 F.3d 668, 669 (7th Cir. 1987); Spanish Action Committee of Chicago v. City of Chicago, 811 F.2d 1129, 1134 (7th Cir. 1987) (noting that the City of Chicago, as a municipality, cannot be held liable for punitive damages); Beard v. City of Chicago, 299 F.Supp. 2d 872, 875 (N.D. Ill. Feb. 2, 2004) (striking prayer for punitive damages against the City of Chicago).

5.     Although immunity from punitive damages may be waived, Illinois has not waived such immunity for its local governments.  745 ILCS 10/2-102 ("a local public entity is not liable to pay punitive or exemplary damages in any action brought against it . . . . "); see also City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267 (1981) (noting that Illinois has not waived immunity for the City of Chicago).  Accordingly, Stinnett cannot recover punitive damages against the City.

### B.  *Liquidated Damages Are Not Recoverable In A Title VII Action*

6.  The Court should likewise strike Stinnett's request for liquidated damages because liquidated damages are not recoverable in a Title VII action. Although certain anti-discrimination statutes such as the EPA, FMLA, and the ADEA (each defined below) expressly authorize recovery of liquidated damages,[1] Title VII's enforcement provision does not authorize recovery of liquidated damages and limits a plaintiff's recovery to the following types of relief:

(1) equitable (declarative and injunctive) relief including reinstatement and reinstatement plus promotion;

(2) actual damages including back pay, front pay,[2] and other compensatory damages;

(3) punitive damages; and

(4) attorney's fees.

42 U.S.C. §§ 2000e-5(g), 5(k). Courts have recognized that liquidated damages are excluded from Title VII's remedial scheme. Downey v. Commissioner of Internal Revenue, 33 F.3d 836, 839 (7th Cir. 1994) (noting that the ADEA provides for liquidated damages while Title VII does not); Drase v. United States, 866 F.Supp. 1077, 1080 (N.D. Ill. 1994) (recognizing that the "liquidated damages provision is the only part of the ADEA's remedial scheme that is different

---

[1] The Equal Pay Act of 1963, 29 U.S.C. §§ 206 et. seq., provides for liquidated damages in an amount equal to back pay. 29 U.S.C. §§ 216(b), 260. The Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654, provides for liquidated damages in an amount equal to lost wages, benefits and interest. Finally, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, provides for liquidated damages in an amount equal to lost wages. 29 U.S.C. § 626(b).

[2] Stinnett is also seeking "special damages" that include back pay and front pay. (Cmplt. Prayer for Relief, ¶ A). Under Rule 9(g), "when items of special damages are claimed, they shall be specifically stated." Fed. R. Civ. P. Rule 9(g). Special damages are primarily used in defamation cases and even then the plaintiff must plead more specificity than his injury was the result of the defendant's alleged conduct. Hunter v. Cook County Illinois, 92 C 5863, 1993 WL 311913 *4 (N.D. Ill. Aug. 11, 1993). Therefore, although the Title VII remedies include back pay and front pay, there is no provision for "special damages;" thus, Stinnett's request for special damages should also be stricken from the complaint.

than that of Title VII.").

    7.    Thus, because Stinnett is not entitled to seek liquidated damages under Title VII, this Court should strike Stinnett's claims for liquidated damages pursuant to Rule 12(b)(6).

### III.    CONCLUSION

For each of the foregoing reasons, the City requests that the Court grant its motion to strike Stinnett's request for punitive and/or liquidated damages pursuant to Federal Rules of Civil Procedure 12(b)(6).

**DATED:** April 7, 2008

                                    Respectfully Submitted,

                                    MARA S. GEORGES
                                  Corporation Counsel of
                                  the City of Chicago

By:    */s Peter Ahmadian*
        PETER AHMADIAN
        JOSEPH F. GRAHAM
        Assistants Corporation Counsel

30 N. LaSalle, Room 1020
Chicago, Illinois 60602
(312) 744-0898/5126

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused to be served a true and correct copy of **Defendant City of Chicago's Motion To Strike Plaintiff's Request For Punitive And/Or Liquidated Damages** on plaintiff's counsel of record, as identified below, by the United States District Court for Northern District of Illinois, Eastern Division's electronic case filing system, on the 7th day of April, 2008.

Mitchell A. Kline
203 North LaSalle Street, Suite 2100
Chicago, Illinois 60601
312-558-1454


By:   s/ Peter Ahmadian
        PETER AHMADIAN
        Assistant Corporation Counsel