IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY STINNETT,                    )
                                     )    No. 08 C 709
                    Plaintiff,       )
          v.                         )    Judge St. Eve
                                     )
THE CITY OF CHICAGO,                 )    Magistrate Judge Cox
                                     )
                    Defendant.       )

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation

Counsel of the City of Chicago, answers plaintiff's complaint as follows:

## JURISDICTION AND VENUE

1.     This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended. This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343.

**ANSWER:**     The City admits that plaintiff brings this action pursuant to Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended.  The City admits that this Court has

jurisdiction under and by virtue of 28 U.S.C. §§ 1331 and 1343.


2.     Venue is founded [sic] in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

**ANSWER:**     The City admits that venue is proper in this court pursuant to 28 U.S.C. § 1391.

The City denies the remaining allegations contained in paragraph 2.


3.     Plaintiff, Gregory Stinnett, has fully complied with the procedural requirements of Title VII.  He filed a charge of discrimination with the EEOC, received a Notice of Right to Sue from the U.S. Department of Justice, and brought this lawsuit within ninety days of receiving the Notice of Right to Sue.

**ANSWER:** The City admits that on March 7, 2007, plaintiff filed EEOC Charge 440-2007-03527, alleging race discrimination. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.

## PARTIES

4.      Plaintiff, Gregory Stinnett (hereinafter "Stinnett" or "Plaintiff'), is a resident of Cook County, Illinois.   At all material times hereto Stinnett has been an employee within the meaning of 42 U.S.C. § 2000e(f) and has been employed by Defendant.

**ANSWER:** The City admits plaintiff, Gregory Stinnett, is a resident of Cook County, Illinois. The City further admits that since February 16, 1983, plaintiff has been an employee within the meaning of 42 U.S.C. § 2000e(f) and has been employed by the City. Plaintiff does not define what "at all material times hereto" means, and, therefore, the City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.      At all times herein mentioned, Defendant, the City of Chicago (hereinafter "Defendant"), was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Fire Department.  The City of Chicago is a corporation licensed in the State of Illinois.   At all material times hereto, Defendant has been an employer within the meaning of 42 U.S.C. §2000e(b) and employed Plaintiff.

**ANSWER:** The City admits that the City of Chicago is a municipality incorporated under the laws of the State of Illinois. The City admits that the Chicago Fire Department is an operating department of the City. The City further admits that it is a corporation licensed in the State of Illinois. The City also admits that it is an employer within the meaning of 42 U.S.C. §2000e(b) and employed plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

-2-

## FACTS

6.    Plaintiff is African American.

**ANSWER:**    The City admits the allegations in paragraph 6.


7.    Plaintiff began his employment with Defendant on or about February 16, 1983.

**ANSWER:**    The City admits that plaintiff began his employment with the City on February 16,

1983.


8.    At all relevant times, Plaintiff was an ambulance commander.

**ANSWER:**    The City admits that plaintiff has been an ambulance commander since November

16, 1995.  The City is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in paragraph 8.


9.    At all relevant times, Plaintiff met the legitimate employment expectations of

Defendant.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 9.


10.    In or about 2000, Defendant administered an EMS Field Officer Promotional

Examination (hereinafter "examination").

**ANSWER:**    The City admits that in or around May of 2000, the City administered EMS Field

Officer Promotional Examination 32001.


11.    Defendant thereafter created a promotion list for the field officer position based

on the results of the examination.

**ANSWER:**    The City admits that after it administered the 2000 EMS Field Officer

Promotional Examination 32001, it created a promotion list based on the results of the

examination, ranking the candidates from highest score to lowest score.

12.    The promotion list ranked employees from the highest score to the lowest score on
the examination.

**ANSWER:**    The City admits that the 2000 EMS Field Officer Promotional Examination 32001

List ranked qualified applicants who had taken the 2000 EMS Field Officer examination from the

highest score to the lowest score.  The City denies the remaining allegations of paragraph 12.

13.    Plaintiff ranked number 32, with a score of 89.50 on the examination.

**ANSWER:**    The City admits that on the 2000 EMS Field Officer Promotional Examination

32001 list, plaintiff ranked 32 out of 54 eligible employees, with an examination score of 89.50.

14.    Seven other employees also scored 89.50 on the examination.

**ANSWER:**    The City denies that seven other employees scored 89.50 on the 2000 EMS Field

Officer Promotional Examination 32001 list.  The City admits that plaintiff and six other

employees scored 89.50 on the 2000 EMS Field Officer Promotional Examination 32001.

16.    The employees who scored the same were ranked in the order of seniority.

**ANSWER:**    The City admits that the seven eligible employees who each scored an 89.50 on

the 2000 EMS Field Officer Promotional Examination 32001 were ranked in the order of

seniority.

17.    From in or about 2000 through and including February 16, 2007, Defendant promoted employees in the order listed on the promotion list.

**ANSWER:**    The City admits that from June 1, 2000, through and including February 16, 2007, the City promoted qualified employees in the order listed on the 2000 EMS Field Officer Promotional Examination 32001 list except for those who had retired, transferred, or were on disability or deceased.  The City denies the remaining allegations of paragraph 17.

18.    With the exception of one African-American employee, all of the employees promoted to the field officer position from in or about 2000 through the present were Caucasian.

**ANSWER:**    The City admits that Larry Webb, an African-American employee who was ranked number 10 on the 2000 EMS Field Officer Promotional Examination 32001 list, was promoted to the field officer position on June 1, 2000.  The City denies the remaining allegations in paragraph 18.

19.    The sole African-American employee promoted to the field officer position was promoted by Fire Commissioner James Joyce (hereinafter "Joyce") in or about 2001.

**ANSWER:**    The City admits that Larry Webb, an African-American, was promoted to the field officer position by Fire Commissioner James Joyce on June 1, 2000.  The City denies the remaining allegations in paragraph 19.

20.    As of 2004, Joyce no longer made the promotion decisions for the field officer position.

**ANSWER:**    The City admits that as of May 3, 2004, Commissioner Joyce no longer signed off on the promotions to the field officer position.  The City denies the remaining allegations in paragraph 20.

21.    As of 2006, Fire Commissioner Orozco (hereinafter "Orozco") made the promotion decisions for the field officer position.

**ANSWER:**    The City admits that Raymond Orozco was appointed Fire Commissioner on May 24, 2006.  The City admits that until February 16, 2007, Commissioner Orozco signed off on the promotions for field officer from the 2000 EMS Field Officer Promotional Examination 32001 list.  The City also admits that after January 31, 2008, Commissioner Orozco signed off on the promotions for field officer from the 2007 Paramedic Field Officer Examination #C8748-0001-2007 Eligible list.  The City denies the remaining allegations in paragraph 21.

22.    Orozco is Caucasian.

**ANSWER:**    The City denies the allegations in paragraph 22.

23.    On or about February 16, 2007, Defendant promoted the next two eligible employees on the promotion list to the field officer position: Kevin Byrne (hereinafter "Byrne") and John Kaveney (hereinafter "Kaveney").

**ANSWER:**    The City admits that on February 16, 2007, the City promoted Kevin Byrne and John Kaveney to field officer from the 2000 EMS Field Officer Promotional Examination 32001 list.

24.    Byrne and Kaveney are Caucasian.

**ANSWER:**    The City admits the allegations in paragraph 24.

25.    Plaintiff was next in rank on the promotion list after Byrne and Kaveney.

**ANSWER:**   The City admits that on the 2000 EMS Field Officer Promotional Examination 32001 list, Byrne was ranked 29, Kaveney was ranked 31, and plaintiff was ranked 32.  The City denies the remaining allegations in paragraph 25.

26.   Thus, after Byrne and Kaveney were promoted, Plaintiff was the next employee to be promoted to the position of field officer.

**ANSWER:**   The City denies the allegations in paragraph 26.

27.   Plaintiff scored the same as Byrne and Kaveney on the examination.

**ANSWER:**   The City admits that plaintiff scored an 89.50 on the 2000 EMS Field Officer Promotional Examination 32001, which is the same score that Byrne and Kaveney received.

28.   After Byrne and Kaveney were promoted, on or about February 16, 2007, there were at least two additional field officer positions open for promotion.

**ANSWER:**   The City denies the allegations in paragraph 28.

29.   However, after Byrne and Kaveney were promoted, on or about February 16, 2007, Defendant decided to discard the promotion list and to administer a new examination.

**ANSWER:**   The City admits that it administered the written portion of the 2007 Paramedic Field Officer Examination #C8748-0001-2007 on March 23, 2007.  The City further admits that on January 31, 2008, it adopted the 2007 Paramedic Field Officer Examination #C8748-0001-2007 Eligibility List, and retired the 2000 EMS Field Officer Promotional Examination 32001. The City denies the remaining allegations in paragraph 29.

30.   There was no union provision that mandated a new examination or that required Defendant to discard the promotion list.

**ANSWER:**     The City denies the allegations in paragraph 30.


31.     In fact, per the Union contract, the promotion list created in or about 2000 was valid until June of 2008.

**ANSWER:**     The City admits that, per the Union contract, the 2000 EMS Field Officer

Promotional Examination 32001 list must be retired by June of 2008.  The City denies the

remaining allegations contained in paragraph 31.


32.     Defendant decided to discard the 2000 promotion list because Defendant did not want to promote Plaintiff to the field officer position.

**ANSWER:**     The City denies the allegations contained in paragraph 32.


33.     Defendant did not want to promote Plaintiff to the field officer position because of Plaintiff's race.

**ANSWER:**     The City denies the allegations contained in paragraph 33.


34.     Immediately prior to Defendant discarding the 2000 promotion list, Defendant promoted two similarly situated Caucasian employees: Byrne and Kaveney.

**ANSWER:**     The City admits it promoted Byrne and Kaveney on February 16, 2007, from the

2000 EMS Field Officer Promotional Examination 32001 list.  The City further admits that on

January 31, 2008, it adopted the 2007 Paramedic Field Officer Examination #C8748-0001-2007

Eligibility List and retired the 2000 EMS Field Officer Promotional Examination List 32001.

The City admits that Byrne and Kaveney are Caucasians.  The City denies that it "discarded" the

2000 EMS Field Officer Promotional Examination List 32001.   The City is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in

paragraph 34.

35.    A new examination was administered on or about March 23, 2007.

**ANSWER:**    The City admits it administered the written portion of the 2007 Paramedic Field

Officer Examination #C8748-0001-2007 on March 23, 2007.


36.    To date, no promotion list has been created.

**ANSWER:**    The City denies the allegations contained in paragraph 36.


37.    From the time of Byrne and Kaveney's promotion through and including the

present, no employee has been promoted to the field officer position; [sic]

**ANSWER:**    The City denies the allegations contained in paragraph 37.


38.    At present, there are at least 12 field officer positions open.

**ANSWER:**    The City denies the allegations contained in paragraph 38.


39.    Employees presently working the field officer positions are frequently required to

work overtime, as there are not currently enough field officers to work all shifts.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 39.


40.    Plaintiff was issued a Notice of Right to Sue on November 20, 2007, which was

received by Plaintiff shortly thereafter.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 40.


41.    Plaintiff's complaint is brought within 90 days of receipt of the Notice of Right to

Sue.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.     Plaintiff has met all procedural prerequisites to this action.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph  42.

### COUNT I
### RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII

43.     Plaintiff realleges and hereby incorporates paragraphs one (1) through forty-two (42) as though fully set forth at this place.

**ANSWER:**     The City realleges and hereby incorporates its answers to paragraphs one (1) through forty-two (42) as though fully set forth herein.

44.     At all relevant times, Plaintiff has met all of Defendant's legitimate employment expectations.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.     Plaintiff is qualified and eligible to receive a promotion to the field officer position.

**ANSWER:**     The City admits that plaintiff's score of 54.61 on the 2007 Paramedic Field Officer Examination #C8748-0001-2007 Eligible List qualifies him for a positions of field officer and places him at number 48 out of 57 eligible employees on the list.

46.     There are field officer positions open for promotion.

**ANSWER:**     The City denies the allegations contained in paragraph 46.

47.     Plaintiff has not received a promotion to the field officer position.

**ANSWER:**     The City admits the allegations in paragraph 47.

48.     Similarly situated Caucasian employees have received a promotion to the field officer position.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     By not promoting Plaintiff to the field officer position, Defendant has discriminated against Plaintiff because of his race.

**ANSWER:**     The City denies the allegations contained in paragraph 49.

50.     By discarding the promotion list and administering a new examination, Defendant has discriminated against Plaintiff because of his race.

**ANSWER:**     The City denies the allegations contained in paragraph 50.

51.     Defendants discrimination against Plaintiff is intentional.

**ANSWER:**     The City denies the allegations contained in paragraph 51.

52.     Defendant's intentional, discriminatory conduct is in violation of Title VII.

**ANSWER:**     The City denies the allegations contained in paragraph 52.

53.     As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff s rights and sensibilities, Plaintiff has suffered the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**ANSWER:**     The City denies the allegations contained in paragraph 53.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Gregory Stinnett, requests, the following relief:

A.    That Plaintiff be granted special damages, including, but not limited to back pay and front pay in an amount to be determined at trial;

B.    That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

C.    That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

D.    That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

E.    That the Court grant such other and further relief as the Court may deem just or equitable.

**<u>ANSWER:</u>**    The City denies that plaintiff is entitled to the relief he seeks.  Further answering, the City states that on April 7, 2008, the City filed a motion to strike plaintiff's request for punitive and liquidated damages.

<u>**ADDITIONAL DEFENSES**</u>

1.     Any allegations supporting plaintiff's Title VII claim that occurred more than 300 days prior to the filing of his EEOC charge are time barred.

2.     Allegations in plaintiff's complaint that are not within the scope of his EEOC charge are barred for failure to exhaust administrative remedies.

3.     Plaintiff is not entitled to back pay to the extent he failed to mitigate his damages.

4.     Punitive damages may not be awarded against the City.

5.     Plaintiff is not entitled to liquidated damages.

<div style="margin-left:40%">

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
of the City of Chicago

BY:    s/ Peter Ahmadian
JOSEPH F. GRAHAM
PETER AHMADIAN
Assistants Corporation Counsel

</div>

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-5126/0898